SARTAIN, Judge
(dissenting).
I must dissent from the conclusion reached by the majority that the facts in this case warrant the application of the doctrine known as “momentary forgetfulness”. The facts giving rise to this litigation and upon which the trial judge and the majority have based their decisions are not in conflict. Plaintiff was in the rear yard of her employer hanging up clothes. She heard the small child slam the back door which was to her rear. She turned around and noticed the child running towards the ladder. Plaintiff testified that she went twelve to fourteen feet to the aid of the child to prevent the child from falling over the ladder. In doing so plaintiff tripped over the ladder herself.
I do not agree that the authority relied upon and cited by the majority brings this case within the ambit of the doctrine of “momentary forgetfulness”. In essence, the doctrine is applicable when a certain action distracts a person from a known danger. In the instant case the act was the appearance of the child running towards the ladder. This act directed plaintiff’s attention to rather than diverted it from the “known danger”.
Plaintiff testified that she had observed the presence of the ladder in the yard for several days. At first it was standing up against the house and later she observed it on the ground between the rear of the house and the clothes line. On one occasion she brought this matter to her employer’s attention because she felt that the other young children in the household might be injured by playing on the ladder. Plaintiff freely acknowledged that she recalled passing the ladder to go to the clothes line just moments prior to the incident in question.
The trial judge found that under these facts plaintiff was guilty of contributory negligence which barred her recovery. I believe that this is a proper conclusion and that the majority is in error in not only reversing the trial judge but also invoking the doctrine of “momentary forgetfulness”.
Accordingly, I respectfully dissent.
Rehearing denied.
SARTAIN, J., dissents from refusal to grant a rehearing for reasons handed down in his original dissent.